

Douglas B. Lipsky

630 Third Avenue, Fifth Floor
New York, New York 10017
Main:  212.392.4772
Direct:  212.444.1024
Fax:  212.444.1030
dl@bronsonlipsky.com

www.bronsonlipsky.com

April 7, 2014

VIA ECF
The Honorable Vera M. Scanlon, U.S.M.J.
U.S. District Court Eastern District of New York
225 Cadman Plaza East, Courtroom N504
Brooklyn, New York 11201

   Re: Cioci v. AFP Bagels Inc., *et al.*, 1:13-cv-4033 (ARR) (VMS)

Dear Magistrate Judge Scanlon:

  This firm represents Plaintiff Pasquale Cioci in the above-referenced putative class and collective action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for unpaid overtime.  Pursuant to Your Honor's Individual Practice Rule III.b. and Local Civ. R. 37.3(c), Plaintiff Cioci submits this motion to determine the sufficiency of Defendant AFP Bagels Inc.'s ("AFP Bagels") responses to certain Requests for Admissions under Rule 36(a)(6), for a motion to compel incomplete discovery responses under Rule 37(a)(4), and for attorneys' fees under Rule 37(a)(5).

  By way of background, Defendants AFP Bagels Inc. and Bedford Bagels, Inc. jointly own and operate two Brooklyn, New York specialty sandwich shops, which are both called "Bagel Smith."  Plaintiff Cioci worked at one of those locations as a counter person for almost two years, during which time he regularly worked 54 hours per week and was never paid overtime.  He was paid, instead, the same hourly rate for every hour worked.  This was not Defendants' only illegal practice: they failed to provide Plaintiff with the legally required notice with every wage payment.  As he knew these practices to be widespread, he initiated this suit as a putative class and collective action on behalf of all other counter persons and asserts three causes of action:  unpaid overtime under the FLSA and NYLL (First and Second Causes of Action); and recordkeeping violations under NYLL (Third Cause of Action).

  To streamline discovery, Plaintiff Cioci served upon Defendant AFP Bagels Requests for Admissions ("Requests") that focus on key issues:  Request Nos. 14 and 16 focus on whether AFP Bagels provided Plaintiff Cioci and the putative members the required notices under the NYLL; and Request Nos. 27-30 focus on whether AFP Bagels



The Honorable Vera M. Scanlon
April 7, 2014
Page 2 of 3

paid Plaintiff Cioci and the putative members overtime premium pay.[1] Yet AFP Bagels failed to provide complete responses to Nos. 14 and 16, as the responses stop mid-sentence. And it asserts improper objections to Nos. 27-30.

Plaintiff exhausted considerable effort in a good faith attempt to resolve these disputes without involving the Court. Plaintiff first attempted to discuss these discovery deficiencies in a February 20, 2014 email, in which Plaintiff highlighted that AFP Bagel's responses to Request Nos. 14 and 16 are cut-off mid sentence and inquired as to why it contends Request Nos. 27-30 are "ambiguous and unclear." Without receiving a response, Plaintiff followed up again by email on February 27, March 4, 20, 21, 27, and 28. It was not until March 28 that AFP Bagels provided a response: "We owe no responses. I have looked again at the requests for admission 27-30 and these are all ambiguous and unanswerable. You can make a motion if you disagree with me. As for the other responses that you say are incomplete - Rule 36 provides you a remedy that they be deemed admitted." Following Plaintiff's April 1, 2014 deposition, Plaintiff and AFP Bagels again discussed these responses, but AFP Bagels refused to amend its responses. Plaintiff now seeks the Court's intervention to resolve this dispute.

The permitted scope of Requests for Admissions is extremely broad. Indeed, the Rule explains a party may serve a request on "any matters within the scope Rule 26(b)(1)." Rule 36(a)(1). It is accordingly proper for a party to serve Requests that focus on material, disputed facts. *Garden City Boxing Club, Inc. v. Rice*, No. 04-cv-3100 (KNF), 2005 U.S. Dist. LEXIS 4007, at *10, n.1 (S.D.N.Y. Mar. 14, 2005). Plaintiff's Requests are squarely within this scope.

Request Nos. 27-30 focus on facts relevant to the third cause of action: whether AFP Bagel's complied with its requirement under the NYLL § 195.3[2] to provide Plaintiff and the putative members the required wage statements. Yet AFP Bagels asserts two improper bases to object to these requests: the "misuse of the term 'Class Members'" and the "question is ambiguous and unclear." Both objections are baseless.

To begin with, the term "Class Member" is well-defined and properly used. (*See* RFA Definitions ¶ I.12). Also, to the extent this objection is based on Plaintiff requesting pre-certification class discovery, the objection is misplaced. *See Sirota v. Solitron Devices, Inc.,* 673 F.2d 566, 571 (2d Cir. 1982) ("[T]here can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied."); *Charles v. Nationwide Mut. Ins. Co.,* No. 09-cv-94 (ARR), 2010 U.S. Dist. LEXIS 143487, at *13

---

[1] Plaintiff has enclosed his February 6, 2014 Requests for Admissions ("RFA") and AFP Bagel's February 17, 2014 Responses ("Responses").

[2] NYLL § 195.3 requires every employer to "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer . . . rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission . . ."



The Honorable Vera M. Scanlon
April 7, 2014
Page 3 of 3

(E.D.N.Y. May 27, 2010) (When, as here, a party seeks to certify a class under Rule 23, pre-certification discovery "is often necessary in order to provide the court with sufficient information to determine whether certification is appropriate.").

Next, these Requests are clear and straightforward. Indeed, when asked why it contends they are ambiguous and unclear, AFP Bagels provided no substantive response, other than to state that they are. While AFP Bagels may not want to respond to them, that does not morph these Requests into being ambiguous and unclear. At bottom, no justification exists for these objections. AFP Bagels should be compelled to serve amended responses under Rule 36(a)(6).

No justification likewise exists for AFP Bagels incomplete responses to Request Nos. 14 and 16, and its refusal to amend these responses absent a Court order. AFP Bagels should accordingly be compelled under Rule 37(a) to provide complete responses to both Requests.

AFP Bagels should further be sanctioned under Rule 37(a)(5) for requiring Plaintiff to bring this motion. All litigants have a duty to comply with discovery requests and court orders. When parties "flout that obligation they . . . must suffer the consequences of their actions." *Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 5 (2d Cir. 1997) (citing *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988)). Rule 37 "places the burden on the disobedient party to avoid expenses [including attorneys' fees] by showing that his failure is justified or that special circumstances make an award of expenses unjust." *JSC Foreign Economic Asps' Technostroyexport v. Int'l Dev. and Trade Servs., Inc.*, No. 03-cv-5562 (JGK) (AJP), 2005 U.S. Dist. LEXIS 16772, at *34 (S.D.N.Y. Aug. 16, 2005). Accordingly, "expenses should ordinarily be awarded unless a court finds that the losing party acted justifiably in carrying his point to court." *Id*. Courts in this district have accordingly awarded sanctions when a party flouts its discovery obligations, requiring a motion. *See, e.g., D'Arpa v. Runway Towing Corp.*, No. 12-cv-1120 (JG) (RER), 2012 U.S. Dist. LEXIS 175452, at *5 (E.D.N.Y. Dec. 11, 2012) (awarding sanctions under Rule 37(a)(5) where defendant "dragged their feet in complying with their discovery obligations").

Plaintiff does not lightly seek this relief. But AFP Bagels took no steps to avoid the expense of this motion. It did just the opposite. As no justification exists for this conduct, sanctions are appropriate.

        Respectfully submitted,
        BRONSON LIPSKY LLP
        s/ Douglas B. Lipsky
        Douglas B. Lipsky

Cc:    Michael Mangan (Via ECF)