UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PASQUALE "PAT" CIOCI, Individually and on
Behalf of All Other Persons Similarly Situated,

                Plaintiff,

   v.

AFP BAGELS INC. d/b/a BAGEL SMITH,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF CASE

No.: 1:13-cv-4033 (ARR) (VMS)

PLAINTIFF'S REQUESTS FOR ADMISSIONS UPON DEFENDANT

     PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 36 and the Rules of the United States District Court for the Southern and Eastern Districts of New York ("Local Rules"), Plaintiff Pasquale Cioci, on behalf of himself and all other persons similarly situated ("Plaintiff" or "Cioci"), requests that Defendant AFP Bagels Inc. produces responses to the Request for Admissions herein within thirty (30) days[1] after service hereof, at Bronson Lipsky LLP, 630 Third Avenue, Fifth Floor, New York, New York 10017-6705, in accordance with the instructions and definitions below.

## I.    DEFINITIONS

     1.    Plaintiff Cioci incorporates by reference the definitions set forth in Local Rule 26.3. In addition, for the purposes of these requests, instructions and definitions set forth below shall apply.

     2.    "Bagel Smith" refers to "AFP Bagels Inc." or any current or former counsel, any of its representatives, divisions, employees, agents, brokers or servants, the 566 Lorimer Street,

---

[1] Pursuant to the agreement reached during the February 6, 2014 teleconference between counsel for Plaintiff and Defendant (as memorialized in Plaintiff's February 6, 2014, 7:04 p.m. and 7:22 p.m., emails), Defendant's deadline to produce responses to these requests is February 18, 2014.

Brooklyn, New York 11211 Bagel Smith location, consultants, experts, investigators, or other persons acting on behalf of any or all of them.

3. "You," "your," "yourself," or "Defendant" refers to AFP Bagels Inc. and all of its current or former counsel, and any consultants, experts, investigators, agents, representatives, agents, directors, employees, servants, supervisors, managers, affiliates, the 566 Lorimer Street, Brooklyn, New York 11211 Bagel Smith location, advisors, predecessors and successors in interest and all other persons acting or purporting to act on its behalf.

4. The term "Complaint" refers to the Complaint in this action that was filed with the U.S. District Court Eastern District of New York and assigned Index Number 1:13-CV-4033, and any subsequent amended complaint.

5. The term "Answer" refers to the Answer Defendant served upon Plaintiff Cioci in response to the Complaint, and any subsequent or prior answer.

6. The term "communication" refers to the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

7. The term "person" refers to any natural person, individual, partnership, firm, corporation, or any business, legal or governmental entity or association, their agents or employees.

8. The term "concerning" or "relating to" shall mean relating to, referring to, describing, evidencing or constituting, concerning, constituting, evidencing, containing, mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed.

9. As used herein, the term "FLSA" refers to the Fair Labor Standards Act and the term "NYLL" refers to the New York Labor Law.

10. The term "exemption status" refers to whether an employee is exempt or non-exempt for purposes of being entitled to overtime premium pay under the FLSA and the NYLL.

11.     The term "overtime premium pay" refers to paying an individual time and one-half (1.5) their regular hourly rate for any hour that they worked in excess of forty (40) per workweek.

12.     The term "Class Member" refers to all individuals whom Defendant employs or employed at the 566 Lorimer Street, Brooklyn, New York 11211 Bagel Smith location who performed the same or similar duties as Plaintiff Cioci and who are referred to or performed the duties of a "Counter Staff" at any time since July 16, 2007.

## II.     INSTRUCTIONS

1.      You must serve a written answer or objection to each Request within thirty (30) days after service of the Request or else the matter is deemed admitted.

2.      You must state the reasons for any objection.  In the event You decline to respond to any Request on the basis of a privilege claim, You must state the privilege relied upon and the facts supporting each privilege claim.

3.      You must specifically deny the matter or set forth in detail the reasons why You cannot truthfully admit or deny the matter.

4.      Any denial You make must fairly meet the substance of the Request, and when good faith requires You to qualify Your answer or deny only a part of the matter for which an admission is requested, You shall specify so much of it as is true and qualify or deny the remainder.

5.      In the event a lack of information or knowledge is the reason for Your failure to admit or deny, You must state that You made a reasonable inquiry and that the information known or readily attainable by You is insufficient to enable You to admit or deny.

6.      You must pay any expenses, including attorneys' fees, under the Federal Rules of Civil Procedure Plaintiff Cioci incurred to prove a matter that You improperly fail to admit.

III.  RESERVATION OF RIGHTS

Plaintiff's initial December 27, 2013 Requests for Admissions define the term "Class Member" to include individuals who worked at both Bagel Smith locations:  189 Bedford Avenue, Brooklyn, New York 11211; and 566 Lorimer Street, Brooklyn, New York 1121.  The December 27, 2013 Requests similarly define "Bagel Smith" to refer to both locations:  189 Bedford Avenue, Brooklyn, New York 11211; and 566 Lorimer Street, Brooklyn, New York 11211.  Following the parties' February 6, 2014 good faith effort to resolve a dispute regarding Defendant's February 1, 2013 responses to the December 27 Requests, Plaintiff has agreed in the interest of compromise to re-serve these Requests by re-defining "Class Member" and "Bagel Smith" to omit references to the 189 Bedford Avenue, Brooklyn, New York 11211 location.  Plaintiff does so without waiving and with full reservation of all rights, claims, arguments and defenses that, *inter alia,* the December 27, 2013 Requests are proper under Rule 36(a)(1)(A), that both locations constitute joint employers under the FLSA and NYLL, that the would-be collective and class action should include employees working at both locations, and that Plaintiff shall serve a second set of requests if and when Bedford Bagels Inc. is joined as a Defendant.

IV.    REQUEST FOR ADMISSIONS

1. Plaintiff Cioci was paid an hourly rate for at least one week while working for Bagel Smith.

2. Plaintiff Cioci was paid an hourly rate for every week during his employment with Bagel Smith.

3. Bagel Smith classified Plaintiff Cioci as a non-exempt employee under the FLSA for purposes of being entitled to receive overtime premium pay.

4. Bagel Smith classified Plaintiff Cioci as a non-exempt employee under the NYLL for purposes of being entitled to receive overtime premium pay.

5. Bagel Smith classified the Class Members as non-exempt employees under the FLSA for purposes of being entitled to receive overtime premium pay.

6. Bagel Smith classified the Class Members as non-exempt employees under the NYLL for purposes of being entitled to receive overtime premium pay.

7. Bagel Smith pays Class Members an hourly rate.

8. During at least one week while Bagel Smith employed him, Plaintiff Cioci worked more than forty (40) hours in a workweek.

9. During more than one week while Bagel Smith employed him, Plaintiff Cioci worked more than forty (40) hours in a workweek.

10. No Class Member has worked more than forty (40) hours in a workweek.

11. For at least one week when Plaintiff Cioci worked more than forty (40) hours, Bagel Smith did not pay him time and one-half (1.5) his regular hourly rate for every hour he worked in excess of forty (40).

12. For more than one week when Plaintiff Cioci worked more than forty (40) hours, Bagel Smith did not pay him time and one-half (1.5) his regular hourly rate for every hour he worked in excess of forty (40).

13. Bagel Smith did not pay Plaintiff Cioci time and one-half (1.5) his regular hourly rate for every hour he worked in excess of forty (40) per workweek.

14. Bagel Smith did pay Plaintiff Cioci time and one-half (1.5) his regular hourly rate for every hour he worked in excess of forty (40) per workweek.

15. Bagel Smith did not pay Class Members time and one-half (1.5) their regular hourly rate for every hour they worked in excess of forty per workweek.

16. Bagel Smith did pay Class Members time and one-half (1.5) their regular hourly rate for every hour they worked in excess of forty per workweek.

17. The Class Members are subject to the same compensation policies.

18. The Class Members are subject to the same time keeping requirements.

19. Between July 16, 2007 and the present, Bagel Smith has employed more than forty (40) separate individuals as Class Members.

20. Plaintiff Cioci's claims in the Complaint are typical of the Class Members' claims.

21. Common questions exist regarding Plaintiff Cioci's and the Class Members' claims in the Complaint.

22. Common answers exist regarding Plaintiff Cioci's and the Class Members' claims in the Complaint.

23. Bagel Smith did give Plaintiff Cioci a Notice and Acknowledgement of Pay Rate and Payday under NYLL § 195.1 during his employment.

24. Bagel Smith did not give Plaintiff Cioci a Notice and Acknowledgement of Pay Rate and Payday under NYLL § 195.1 during his employment.

25. Bagel Smith did give the Class Members a Notice and Acknowledgement of Pay Rate and Payday under NYLL § 195.1 during their employment.

26. Bagel Smith did not give the Class Members a Notice and Acknowledgement of Pay Rate and Payday under NYLL § 195.1 during their employment.

27.     Bagel Smith gave Plaintiff Cioci a written statement with every wage payment that specified his rate of pay and hours worked during that pay period.

28.     Bagel Smith did not give Plaintiff Cioci a written statement with every wage payment that specified his rate of pay and hours worked during that pay period.

29.     Bagel Smith gave the Class Members a written statement with every wage payment that specified their rate of pay and hours worked during that pay period.

30.     Bagel Smith did not give the Class Members a written statement with every wage payment that specified their rate of pay and hours worked during that pay period.

Dated: New York, New York
       February 6, 2014

                        BRONSON LIPSKY LLP

                        By  s/ Douglas B. Lipsky
                           Douglas Lipsky (DL-9372)
                        630 Third Avenue, Fifth Floor
                        New York, New York 10017-6705
                        Phone:  212.392.4772
                        Fax:  212444.1030
                        dl@bronsonlipsky.com

                        Jeffrey M. Gottlieb (JG-7905)
                        nyjg@aol.com
                        Dana L. Gottlieb (DG-6151)
                        danalgottlieb@aol.com
                        GOTTLIEB & ASSOCIATES
                        150 East 18th Street, Suite PHR
                        New York, New York 10003
                        Phone:  212.228.9795
                        Fax:  212.982.6284

                        *Attorneys for Plaintiff Cioci*
                        *and the Putative Class Members*

-8-

CERTIFICATE OF SERVICE

I hereby certify that, on February 6, 2014, I caused to be served Plaintiff Cioci's (revised) Request for Admissions upon Defendant via email and first class mail, postage prepaid, on the following counsel of record for Defendant:

> Michael P. Mangan
> MANGAN GINSBERG LLP
> 80 Maiden Lane, Suite 509
> New York, New York 10038
> mpm@mangan-ginsberg.com

By: s/ Douglas B. Lipsky
     Douglas B. Lipsky