MICHAEL P. MANGAN
MANGAN GINSBERG LLP
80 Maiden Lane, Fifth Floor
New York, New York 10038
Phone (212) 248-2170
Fax: (212) 248-2155
*Attorneys for Defendants AFP Bagels Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
PASQUALE "PAT" CIOCI, Individually and on
Behalf of All Other Persons Similarly Situated,                    13-CV-04033 (ARR) (VMS)

                         Plaintiff,                **DEFENDANT'S RESPONSE TO PLAINTIFF'S FEB 6, 2014 REVISED REQUESTS FOR ADMISSIONS**

           -against-

AFP BAGELS INC. d/b/a BAGEL SMITH,

                         Defendant.
-----------------------------------------------------------------------X

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 26 and 36, Defendant, AFP BAGELS INC, by its attorneys, MANGAN GINSBERG LLP, hereby submit its responses to Plaintiff's February 6, 2014 Requests for Admissions (the "Requests").

## GENERAL OBJECTIONS

1. Defendant objects to the Requests to the extent they in any way purport to impose duties on Defendant beyond the scope of permissible discovery under the Federal Rules of Civil Procedure.

2. Defendant objects to the definitions and instructions in the Requests to the extent they in any way deviate from or expand upon the obligations, duties, or requirements set forth in the Federal Rules of Civil Procedure, the Local Civil Rules and all other applicable rules of disclosure, and in any way they are meant to confuse, mislead or complicate these Responses.

3.      Defendant objects to the Requests to the extent they purport to impose upon defendant an obligation to disclose materials that are protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or doctrine.  Defendant will not undertake to produce such privileged or protected information or materials, and nothing herein is intended as, or shall be deemed, a waiver of the attorney-client privilege, attorney-work product doctrine, or any other applicable privilege or doctrine.

4.      Defendant objects to the Requests to the extent they seek responses for information not within Defendant's possession, custody or control.

5.      Defendant objects to the Requests to the extent they seek materials that could be more easily and properly obtained from other parties.

6.      Defendant objects to the Requests to the extent they seek information in the possession, custody or control of Plaintiff, or any of his agents.

7.      Defendant objects to the Requests to the extent they seek information that is equally available to the Plaintiff.

8.      Defendant objects to the Requests to the extent they seek materials that will be provided in response to Plaintiff's First Request for the Production of Documents and Interrogatories.

9.      Defendant objects to the Requests to the extent they seek information that has already been provided in this action.

10.     Defendant objects to the Requests to the extent they seek materials neither relevant to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence.

11.     Defendant objects to the Requests to the extent they are vague, ambiguous, unintelligible, uncertain, overly broad, duplicative, unreasonably burdensome, oppressive, and not limited as to a time period.

12.     Defendant objects to the Requests to the extent they are repetitive and/or substantially overlap with other requests.

13.     By providing any of the information herein, defendant does not concede that any of the materials contained therein is relevant to the issues in this action.  Moreover, in providing specific responses, defendant expressly reserves and does not waive: (1) all objections as to competency, relevance, materiality, and admissibility of information and/or any subject matter thereof; (2) all objections as to scope, vagueness, and/or ambiguity; (3) all rights to object on any ground to the use of any of said information in any subsequent proceedings, including the trial of this o any other action(s); and (4) all rights to object on any ground to any request for further responses to these or any other discovery requests involving or relating to the subject matter of these Requests.

14.     The responses below represent Defendant's knowledge in Defendant's possession, custody and control, and known to be so, based on discovery, investigation, and trial preparation to date.  Upon further investigation, including review of those documents to be produced by defendants, there is the likelihood that certain additional materials or amended responses herein, if additional responsive information may be uncovered.  Defendant expressly reserves the right to rely upon further information adduced upon completion of discovery, investigation and trial preparation, and to supplement or amend its responses and objections herein on the basis of information that comes to its attention.

15.     Defendant has made reasonable efforts to respond to these Requests to the extent that no objection has been lodged against them. Such responses are based on Defendant's understanding and interpretation of each Request.

Defendant Responds as follows:

1.     Plaintiff Cioci was paid an hourly rate for at least one week while working for Bagel Smith.

RESPONSE:   Defendant objects to the use of the name "Bagel Smith" as it is confusing and that the Plaintiff may intend to use the term as a proxy for other entities that are not present in this lawsuit. The only defendant in this action is "AFP Bagels Inc." and the plaintiff must refer to defendant as AFP Bagels Inc. rather than the d/b/a Bagel Smith. Without waiving that objection to this Request Number 1, and all other requests that improperly use the name "Bagel Smith" rather than AFP Bagels Inc., Defendant admits that Plaintiff was a paid an hourly rate, as a non-exempt employee, as that term is understood under the FLSA and NYLL.

2.     Plaintiff Cioci was paid an hourly rate for every week while working for Bagel Smith.

RESPONSE:  Subject to the objections to plaintiff's misuse of the name Bagel Smith, Defendant AFP Bagels admits.

3.     Bagel Smith classified Plaintiff Cioci as a non-exempt employee under the FLSA for purposes of being entitled to receive overtime premium pay.

RESPONSE:  Subject to the objections to plaintiff's misuse of the name Bagel Smith, Defendant AFP Bagels admits.

4.      Bagel Smith classified Plaintiff Cioci as a non-exempt employee under the NYLL for purposes of being entitled to receive overtime premium pay.

RESPONSE:  Subject to the objections to plaintiff's misuse of the name Bagel Smith, Defendant AFP Bagels admits.

5.      Bagel Smith classified the Class Members as non-exempt employees under the FLSA for purposes of being entitled to receive overtime premium pay.

RESPONSE:  Subject to the objections to plaintiff's misuse of the name Bagel Smith and the misuse of the confusing and inaccurate term "Class Members" of which there are no current class members, Defendant AFP Bagels admits.

6.      Bagel Smith classified the Class Members as non-exempt employees under the NYLL for purposes of being entitled to receive overtime premium pay.

RESPONSE:   Defendant objects to the term "Class Members" as defined, as it is deliberately defined to include parties and claims that are not currently included in this action, and intended to mislead the party responding.  Subject to the objections to plaintiff's misuse of the name Bagel Smith and the misuse of the confusing and inaccurate term "Class Members" of which there are no current class members, Defendant AFP Bagels admits that employees who worked in the same position as plaintiff were classified as non-exempt employees under the NYLL and FLSA.

7.     Bagel Smith pays Class Members an hourly rate.

RESPONSE:  Subject to the objections to plaintiff's misuse of the name Bagel Smith and the misuse of the confusing and inaccurate term "Class Members" of which there are no current class members, Defendant AFP Bagels admits.

8.     During at least one week when Bagel Smith employed him, Plaintiff Cioci worked more than forty (40) hours in a workweek.

RESPONSE:  Subject to the objections to plaintiff's misuse of the name Bagel Smith, Defendant AFP Bagels cannot admit or deny on the grounds that it is unsure the number of hours Cioci worked.

9.     During more than one week when Bagel Smith employed him, Plaintiff Cioci worked more than forty (40) hours in a workweek.

RESPONSE:  Subject to the objections to plaintiff's misuse of the name Bagel Smith, Defendant AFP Bagels cannot admit or deny on the grounds that it is unsure the number of hours Cioci worked.

10.    No Class Member has worked more than forty (40) hours in a work week.

RESPONSE:  Defendant AFP Bagels objects to the term Class because it is being used to confuse and create ambiguity.  Defendant AFP Bagels cannot, however, admit or deny to this request as posed because it is ambiguous and unclear, does not set a time frame, and does not specify a subject employer.

11.     For at least one week when Plaintiff Cioci worked more than forty (40) hours, Bagel Smith did not pay him time and one half (1.5) his regular hourly rate for every hour he worked in excess of forty (40).

RESPONSE:   Subject to Defendant AFP Bagels objections concerning the name Bagel Smith, Defendant, cannot admit or deny because on the grounds that Defendant is unsure the number of hours Cioci actually worked.

12.     For more than one week when Plaintiff Cioci worked more than forty (40) hours, Bagel Smith did not pay him time and one half (1.5) his regular hourly rate for every hour he worked in excess of forty (40).

RESPONSE:   Subject to Defendant AFP Bagels objections concerning the name Bagel Smith, Defendant, cannot admit or deny on the grounds that it is unsure the number of hours Cioci actually worked.

13.     Bagel Smith did not pay Plaintiff Cioci time and one half (1.5) his regular hourly rate for every hour he worked in excess of forty (40) per workweek.

RESPONSE:   Subject to Defendant AFP Bagels objections concerning the name Bagel Smith, Defendant denies.

14.     Bagel Smith did pay Plaintiff Cioci time and one half (1.5) his regular hourly rate for every hour he worked in excess of forty (40) per workweek.

RESPONSE:   Subject to Defendant AFP Bagels objections concerning the name Bagel Smith,

15. Bagel Smith did not pay Class Members time and one half (1.5) their regular hourly rate for every hour they worked in excess of forty (40) per workweek.

RESPONSE:   Subject to Defendant AFP Bagels objections concerning the name Bagel Smith and the misuse of the term "Class Members," Defendant denies.

16. Bagel Smith did pay Class Members time and one half (1.5) their regular hourly rate for every hour they worked in excess of forty (40) per workweek.

RESPONSE:   Subject to Defendant AFP Bagels objections concerning the name Bagel Smith and the misuse of the term "Class Members,"

17. The Class Members are subject to the same compensation policies.

RESPONSE:   Subject to Defendant AFP Bagels objections concerning the name Bagel Smith and the misuse of the term "Class Members," Defendant denies.

18. The Class Members are subject to the same time keeping requirements.

RESPONSE:   Subject to Defendant AFP Bagels objections concerning the name Bagel Smith and the misuse of the term "Class Members," Defendant denies.

19. Between July 16, 2007 and the Present, Bagel Smith has employed more than forty (40) separate individuals as Class Members.

RESPONSE:   Subject to Defendant AFP Bagels objections concerning the name Bagel Smith and the misuse of the term "Class Members," Defendant denies.

20.     Plaintiff Cioci's claims in the Complaint are typical of the Class Members' claims.

RESPONSE:   Subject to Defendant AFP Bagels objections concerning the name Bagel Smith and the misuse of the term "Class Members," Defendant denies.

21.     Common questions exist regarding Plaintiff Cioci's and the Class Members claims in the Complaint.

RESPONSE:   Subject to Defendant AFP Bagels objections concerning the name Bagel Smith and the misuse of the term "Class Members," Defendant denies.

22.     Common answers exist regarding Plaintiff Cioci's and the Class Members claims in the Complaint.

RESPONSE:   Subject to Defendant AFP Bagels objections concerning the name Bagel Smith and the misuse of the term "Class Members," Defendant denies.

23.     Bagel Smith did give Plaintiff Cioci a Notice and Acknowledgement of Pay Rate and Payday under NYLL § 195.1 during his employment.

RESPONSE:   Subject to Defendant AFP Bagels objections concerning the name Bagel Smith and the misuse of the term "Class Members," admits.

24.     Bagel Smith did not give Plaintiff Cioci a Notice and Acknowledgement of Pay Rate and Payday under NYLL § 195.1 during his employment.

RESPONSE:   Subject to Defendant AFP Bagels objections concerning the name Bagel Smith and the misuse of the term "Class Members," Defendant denies.

25.     Bagel Smith did give the Class Members a Notice and Acknowledgement of Pay Rate and Payday under NYLL § 195.1 during their employment.

RESPONSE:   Subject to Defendant AFP Bagels objections concerning the name Bagel Smith and the misuse of the term "Class Members," admits.

26.     Bagel Smith did not give the Class Members a Notice and Acknowledgement of Pay Rate and Payday under NYLL § 195.1 during their employment.

RESPONSE:   Subject to Defendant AFP Bagels objections concerning the name Bagel Smith and the misuse of the term "Class Members," denies.

27.     Bagel Smith gave Plaintiff Cioci a written statement with every wage payment that specified his rate of pay and hours worked during that pay period.

RESPONSE:   Subject to Defendant AFP Bagels objections concerning the name Bagel Smith and the misuse of the term "Class Members," defendant cannot admit or deny because the question is ambiguous and unclear.

28.     Bagel Smith did not give Plaintiff Cioci a written statement with every wage payment that specified his rate of pay and hours worked during that pay period.

RESPONSE:   Subject to Defendant AFP Bagels objections concerning the name Bagel Smith and the misuse of the term "Class Members," defendant cannot admit or deny because the question is ambiguous and unclear.

29.     Bagel Smith gave the Class Members a written statement with every wage payment that specified their rate of pay and hours worked during that pay period.

RESPONSE:   Subject to Defendant AFP Bagels objections concerning the name Bagel Smith and the misuse of the term "Class Members," defendant cannot admit or deny because the question is ambiguous and unclear.

30.     Bagel Smith did not give Class Members a written statement with every wage payment that specified their rate of pay and hours worked during that pay period.

RESPONSE:   Subject to Defendant AFP Bagels objections concerning the name Bagel Smith and the misuse of the term "Class Members," defendant cannot admit or deny because the question is ambiguous and unclear.

Dated:  New York, New York
         February 17, 2014                    **MANGAN GINSBERG LLP**

                                              /s/
                                              _____
                                              By:  Michael P. Mangan (MM-5773)
                                              *Attorneys for Plaintiff*
                                              80 Maiden Lane, Suite 509
                                              New York, New York 10038
                                              (212) 248-2171


To:     Douglas Lipsky, Esq.
        Bronson Lipsky LLP
        630 Third Avenue, Fifth Floor
        New York, New York 10017